## Siegmund Roesner, Appellee, v. C. E. Dellenbarger Company, Appellant.

### Gen. No. 21,003.  (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 8, 1915.

### Statement of the Case.

Action by Siegmund Roesner, plaintiff, against the C. E. Dellenbarger Company, defendant, in the County Court of Cook county, to recover on a contract of employment. From a judgment for plaintiff for $400, defendant appeals.

The contract sued on is as follows:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"Know all Men by these Presents, that C. E. Dellenbarger Company, a corporation, hereinafter called first party, and Siegmund Roesner, hereinafter called second party, both of Chicago, Cook County, Illinois, entered into the following agreement, this 15th day of October, 1912:

"First party agrees to hire the services of second party for the period of one year, beginning on the 15th day of October, 1912, and ending on the 14th day of October, 1913, for the following purposes:

"(1) Second party is to work in the machine shop of first party, and do all mechanical work, such as experimental, model, tool and die, and all work required by the trade of the company, in a first-class manner and workmanship.

"(2) If so directed by first party, second party is to superintend the work done in the shop of first party, and take charge of the working force.

"(3) Second party is to use his best knowledge and ability in discharging the duties assigned to him by first party.

"(4) In consideration of the foregoing, first party agrees to pay the second party the sum of Eighteen Hundred and fifty ($1,850.00) dollars per annum, payable in weekly installments, as follows:

"30.00 per week for each and every week, for a period covering the first three months, beginning on the 15th day of October, 1912; thereafter, $35.00 per week for each and every week, for a period covering the second three months, beginning on the 15th of January, 1913, and $37.50 per week for every week for the remainder of six months of this contract, beginning on the 15th day of April, 1913.

"(Signed) C. E. DELLENBARGER Co.,

"By C. E. Dellenbarger, Pres.

"S. ROESNER."

The evidence showed that plaintiff entered upon the employment immediately after the making of said contract, and continued until August 20, 1913, when he was discharged by the defendant; that plaintiff

received during that period the sum of $1,360 from the defendant.

The principal issue was whether or not there were sufficient grounds justifying the discharge of the plaintiff before the expiration of the year for which he had been employed.   On this issue there was only one witness for the plaintiff and that was the plaintiff himself, who testified that during the time he was working under said contract he in every respect complied with the terms thereof; that on the 20th day of August, 1913, he was discharged by the president of defendant, without cause; that thereafter he sought employment elsewhere during the remainder of the term of the contract, but without success.

Defendant, by three witnesses, offered testimony tending to show that plaintiff had repeatedly failed to comply with directions given him by his superiors as to the manner in which to perform his work, wherefore he was discharged.   Plaintiff, however, denied ever having received any such directions, save at the time he was discharged.

West & Eckhart, for appellant.

No appearance for appellee.

Mr. Justice Pam delivered the opinion of the court.

## Abstract of the Decision.

1.  EVIDENCE, § 476*—*when number of witnesses may be considered in weighing evidence.*  The number of witnesses testifying on each side in the trial of an action is a proper but not an absolutely controlling element to be considered by the jury in weighing the evidence.

2.  WITNESSES, § 253*—*province of jury as to credibility of witnesses.*  It is the province of the jury to determine the credibility of witnesses and the weight to be given their testimony.

3.  APPEAL AND ERROR, § 1410*—*when verdict not disturbed as against weight of evidence.*  Unless the verdict of a jury is clearly

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and manifestly against the weight of the evidence, such verdict will not be disturbed on review.

4. NEW TRIAL, § 97*—*necessity of affidavits to support motion for new trial on ground of newly-discovered evidence.* A motion for a new trial on the ground of newly-discovered evidence must be supported by the affidavits of the witnesses by whom it is proposed to prove the matters relied upon, or an excuse shown for not producing such affidavits.

5. NEW TRIAL, § 102*—*when affidavit supporting motion for new trial on ground of newly-discovered evidence insufficient.* On a motion for a new trial on the ground of newly-discovered evidence, an affidavit that the witness by whom the party seeking the new trial proposed to prove the matters relied upon as newly-discovered evidence is beyond the reach of the affiant, and further alleging that affiant made "earnest efforts" to secure an affidavit from such witness, is insufficient in that such affidavit does not state specific facts sufficient to enable the court to determine what efforts were made by affiant to secure such affidavit before the witness' departure.

6. NEW TRIAL, § 102*—*when affidavit supporting motion for new trial on ground of newly-discovered evidence insufficient.* On a motion for a new trial on the ground of newly-discovered evidence, an affidavit that prior to and during the trial affiant made "diligent efforts * * * to discover evidence" of the character relied on as newly-discovered evidence, is insufficient in that its allegations are mere conclusions of the affiant and give the court no information from which it can determine whether or not affiant was diligent.

7. TRIAL, § 155*—*when weight of evidence jury question.* Where the evidence is conflicting, a question of fact for the jury is presented.

8. CONTRACTS, § 384*—*sufficiency of evidence to sustain verdict.* In an action to recover on a contract whereby defendant agreed to employ plaintiff at a stated rate of compensation for a named period, in which the defense was that the contract was somewhat modified with the assent of plaintiff, a verdict whereby the jury found that plaintiff never assented to such modification of the contract, *held* not manifestly against the weight of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.